**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| DEWEY MULLINS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 1:09-01248** |
| | ) | |
| DAVID BALLARD, Warden, | ) | |
| Mount Olive Correctional Complex, | ) | |
|     Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 1.); (2) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody; and (3) Petitioner's "Motion to Hold Habeas Corpus Petition in Abeyance" (Document No. 3.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**PROCEDURAL HISTORY**

**A.      Criminal Action No. 01-F-69:**

On June 28, 2001, the Grand Jury of McDowell County, West Virginia, returned an Indictment against Petitioner charging him with seven counts of Sexual Assault in the First Degree and seven counts of Sexual Abuse by a Custodian. State v. Mullins, Criminal Action No. 01-F-69 (Cir. Ct. McDowell Co. Nov. 21, 2003). Following a jury trial conducted on August 18 - 20, 2003, Petitioner was convicted of seven counts of Sexual Assault in the First Degree and seven counts of

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Sexual Abuse by a Custodian. By Order entered November 21, 2003, Petitioner was sentenced to multiple consecutive terms totaling 60 years in the State penitentiary.

On June 4, 2004, Petitioner, by counsel, appealed his conviction and sentence to the Supreme Court of Appeals of West Virginia. The West Virginia Supreme Court found that Petitioner raised the following assignments of error:

> Petitioner/Defendant appeals his conviction on seven counts of first degree sexual assault and seven counts of sexual abuse by a custodian arguing that the court erred when it failed to suppress a partial confession made by Petitioner/Defendant; when it limited the testimony of Larry Junior Brewer, Sr.; when it permitted evidence of other crimes, wrongs, or acts attributed to Petitioner/Defendant in his distant past, when it admitted State''s exhibits 3, 4, 5, and 6 over objection; when it qualified a State witness as an expert in child counseling, child therapy, and as a play therapist; when it denied all objections of trial counsel to the trial deposition of Joseph B. Hodges; when it refused a motion of Petitioner/Defendant for Judgment of Acquittal at the close of the State''s evidence; when it refused Petitioner/Defendant''s motion for Judgment of Acquittal at the close of all evidence; and when it refused Petitioner/Defendant''s instructions 1 through 8. He further argues that trial counsel erred in failing to object to hearsay on numerous occasions.

The SCAWV refused Petitioner's Petition by Order entered on November 10, 2004.[2]

## B.    First Section 2254 Petition:

Petitioner filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on December 8, 2004.[3] (Civil Action 1:04-01284, Document No. 1.) On December 17, 2004, Petitioner filed a letter-form Motion to hold the civil action in abeyance pending the exhaustion of his available state remedies. (Id., Document No. 4.) Alternatively,

---

[2] *See* http://www.state.wv.us/wvsca/calendar/nov10%5F04w.htm.

[3] Attached is a facsimile copy of the docket sheets involving *State v. Mullins*, Case No. 01-F-69 (Cir. Ct. McDowell Co. Nov. 21, 2003), *Mullins v. McBride*, Case No. 05-C-71 (Cir. Ct. McDowell Co. Dec. 10, 2007), *Mullins v. Ballard*, Case No. 08-C-295 (Cir. Ct. McDowell Co. Dec. 10, 2008), and *Mullins v. Ballard*, Case No. 09-C-185 (Cir. Ct. McDowell Co. _____), which were obtained from the McDowell County Circuit Clerk's Office by the staff of the undersigned.

Petitioner requested that the Court dismiss this matter without prejudice. (Id., p. 2.) Petitioner stated that he "is in the process of having someone to review his Court record which will take a few months to determine if a certiorari will be done or to file a State Habeas Petition." (Id., p. 1.) By Order entered on March 28, 2005, the undersigned concluded that Petitioner had exhausted his state remedies with respect to the grounds stated in his Section 2254 Petition and denied his Motion. (Id., Document No. 7.) The undersigned, however, advised Petitioner that if he intended "to amend his § 2254 Petition to include additional grounds for *habeas* relief which have not been exhausted at the state level, he should immediately notify the Court and seek further dismissal of his Petition without prejudice." (Id., p. 3.) On April 1, 2005, Petitioner filed a further "Motion to Hold Federal Habeas in Abeyance or in Alternative Dismiss Without Prejudice." (Id., Document No. 8.) In support of his Motion, Petitioner stated that he filed on March 18, 2005, his Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County, which includes "issues concerning ineffective assistance of counsel, and several other issues which have never been developed." (Id., p. 1.) Thus, he requests that the Court either hold this civil action in abeyance pending the exhaustion of his state remedies, or dismiss this matter without prejudice. (Id., p. 2.) By Proposed Finding and Recommendation entered on April 8, 2005, the undersigned recommended that the District Court deny Petitioner's Motion to Hold Federal Habeas in Abeyance and grant his Motion to Dismiss. (Id., Document No. 11.) By Memorandum Opinion and Order entered on May 18, 2005, the District Court adopted the undersigned's recommendation and dismissed Petitioner's Section 2254 Petition without prejudice. (Id., Document No. 12.)

## C.    First State *Habeas* Petition:

On March 22, 2005, Petitioner, proceeding *pro se*, filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. Mullins v. McBride, Civil Action No. 05-C-071

(Cir. Ct. McDowell Co. Dec. 10, 2007). Petitioner asserted the following grounds:

1.       Petitioner was denied his right to effective assistance of counsel in direct violation of the Sixth Amendment to the United States Constitution and Under Article III, Section 14 of the West Virginia Constitution;

2.       The Court violated the Petitioner's constitutional rights in direct violation of the West Virginia Constitution Article III § 10 and the Fourteenth Amendment of the United States Constitution when the State introduced gruesome photographs to the jury;

3.       The Court violated the Petitioner's Fifth, Sixth, and Fourteenth Amendment Right to be taken forthwith before the county magistrate upon probable cause for an arrest which lead to an illegal statements; and

4.       The Court violated the Petitioner's Fifth and Sixth Amendment right to remain silent when the police elected to interrogate the Petitioner against his free will and obtain an alleged confession.

Petitioner filed a "Losh List" indicating that he did not waive the following grounds:

(1)       Trial court lacked jurisdiction;
(2)       Statute under which conviction obtained unconstitutional;
(3)       Issue of mental competency at time of crime;
(4)       Issue of mental competency at time of trial cognizable even if not asserted at proper time or if resolution not adequate;
(5)       Language barrier to understanding the process;
(6)       Coerced confession;
(7)       Suppression of helpful evidence by prosecutor;
(8)       State's knowingly use of perjured testimony;
(9)       Ineffective assistance of counsel;
(10)       Irregularities in arrest;
(11)       Illegal detention prior to arraignment;
(12)       Irregularities or errors in arraignment;
(13)       Challenges to the composition of Grand Jury or its procedures;
(14)       Defects in Indictment;
(15)       Improper Venue
(16)       Claim of incompetence at time of offense, as opposed to time of trial;
(17)       Constitutional errors in evidentiary rulings;
(18)       Instructions to the jury;
(19)       Claims of prejudicial statements by trial judge;
(20)       Claims of prejudicial statements by prosecutor; and
(21)       Excessive sentence.

By Order entered on April 19, 2005, the Circuit Court appointed counsel, Kendrick King, to represent Petitioner. On December 15, 2005, Petitioner, by counsel, filed an Amended Petition raising the following grounds:

(A)     Denial of suppression of his statement and denial of his "Taint Motion;"

(B)     Denial of prohibition of use of "other acts" ["other crime"] evidence against him and inadequate unfair treatment of issues dealing with prospective witness Larry Junior Brewer, Sr., in relation to direct and collateral matters;

(C)     The West Virginia Supreme Court of Appeals decisions in <u>State v. Edward Charles L.</u>, 183 W.Va. 641, 398 S.E.2d 123 (1990); <u>State v. McGinnis</u>, 193 W.Va. 147, 455 S.E.2d 516 (1994); and their progeny are unconstitutional in light of the United States Supreme Court decision in <u>Crawford v. Washington</u>, 541 U.S. ___, No. 02-09410 (March 8, 2004), and related cases;

(D)     The ultimate result was not just, proper or fair and the conviction and sentencing were contrary to the interest of justice. The "lack of evidence" - medical and physical - was shattering to the prosecution and explains why the Jury asked the Court if it could have and consider handwriting of the accused;

(E)     No credible, reliable legal evidence was presented by the State to support and uphold beyond a reasonable doubt the herein elements of the crimes of "Sexual Assault in the First Degree" and "Sexual Abuse by a Custodian" (including especially lack of "intent" and "sexual gratification");

(F)     The multiple seven-time convictions of two different felonies for the same incident at the same time violates Double Jeopardy for trial and sentencing purposes;

(G)     At trial the Prosecutor illegally, improperly and unethically appealed to the personal passions, prejudices and caprice of the individual Jurors and implied that the State ["we"] had or knew of some other evidence beyond that actually presented to the Jury at trial in support of the accused guilt;

(H)     The court repeatedly and actively denied defense counsel's valid objections at trial before the Jury in such a way as to lead a reasonable individual to believe the Judge was "on the side of or, at the least, sympathetic to the victim and State;"

(I)     In relevant part and effect, Dewey Mullins was convicted to a large extent on

5

the basis of "A Trial Within the Trial" based upon the remote, fabricated, false, uncorroborated, unrelated, indirect and highly adversely prejudicial "poisonous" accusations of one or more person other than the alleged child victim including Patricia Bader, Barbara Belcher, and Carolyn Cole;

(J)     Taking the evidence in the light most favorable to the State at the time the State rested presentation of its case in chief, the Judge should have acquitted the accused;

(K)     The accused was denied effective assistance of counsel in that defense counsel was stuck with the impossible burden of trying to disprove and discredit "other acts" ["other crime"] evidence from Bader, Belcher, and Cole dating back thirty to forty years before these charges and this trial;

(L)     The Court should have caused the alleged child victim to be evaluated for credibility and competency by a qualified child psychologist or psychiatrist pursuant to State v. Stacy, 179 W.Va. 686, 371 S.E.2d 614 (1988), and related law;

(M)     Prior to Jury Trial, for competency, responsibility, credibility and other legal purposes, the Court and defense counsel should have caused the accused to be evaluated by a qualified psychologist and psychiatrist and given, at a minimum, the Wilson Sex Fantasy Questionnaire, Bumby Cognitive Distortion Scales, Multiphasic Sex Inventory, Abel and Becker Cognition Scales, Phase Sexual Attitude Questionnaire, Becker Sexual Interest Card Sort and the like;

(N)     It is clear from the Police Investigation Report and other record of this case, no effort was ever made by representatives of the State to investigate and note exculpatory evidence and the whole investigation ab initio was geared to deleting, dismissing, and disregarding exculpatory evidence and all other Brady materials regardless of the complete and true facts and circumstances of the case;

(O)     Defense counsel should have had some Batson challenges made and upheld and the accused was denied a fair impartial jury panel of twenty and a fair impartial trial petit jury of twelve; and

(P)     For other reasons previously averred by Dewey Mullins and his defense counsel and appearing clearly, openly and obviously from the record of Felony No. 01-F-69-S.

On February 1, 2006, the State filed its Response to Petitioner's *habeas* petition. The Circuit Court

6

conducted an omnibus *habeas corpus* hearing on June 19, 2006. During the omnibus hearing, the Circuit Court heard testimony from Petitioner. On August 21, 2006, Petitioner, by counsel, filed a "Brief for Habeas Corpus" alleging (1) Double Jeopardy Punishment, (2) Improper Rule 404(B) Evidence, (3) Improper Prosecutorial Closing Argument, (4) Child Witness Violation, and (5) Crawford nullifies Edward Charles L. By Order dated December 10, 2007, the Circuit Court made findings of fact and conclusion of law addressing Petitioner's claim of ineffective assistance of counsel,[4] and denied his *habeas* petition on the merits.

On July 15, 2008, Petitioner, by counsel, Philip LaCaria, filed a petition for appeal from the Circuit Court's decision. Petitioner alleged the following errors:

1.    The Court failed to suppress a "partial confession" allegedly made by Petitioner to Trooper J.K. Cooper on January 26, 2001.

2.    The Court permitted evidence of other crimes, wrongs or acts attributed to the Petitioner in his distant past, by allowing the three women witness to testify. These were only allegations and not prior convictions or even prior prosecutions.

3.    The Court denied all objections of trial counsel.

4.    The Court refused a motion of the Petitioner for judgment of acquittal at the close of the State's evidence.

5.    The Court refused Petitioner's motion for a judgment of acquittal at the close of all evidence.

6.    In addition to the assignments of error on the part of the lower Court, Petitioner further avers that on numerous occasions, trial counsel failed to object to hearsay. Also Petitioner alleges that trial counsel was ineffective overall in his failure to represent the Petitioner in these proceedings. The trial

---

[4]  The Circuit Court stated that "[o]f those grounds for relief Petitioner asserted, the Court deems that only one of said grounds had potential merit: 1) Ineffective assistance of counsel. Therefore, the Court does not address any of the other grounds asserted because the Court deems them to be non-meritorious."

counsel failed to move for a psychological evaluation of [KRB], alleged 12 year old victim.

    (a)    Defense counsel undertook an impossible burden of trying to disprove and discredit other acts dating back thirty to forty years prior to the charges in Case No. 01-F-69;

    (b)    Defense counsel failed to ask that a qualified psychologist and psychiatrist evaluate Petitioner and that ceratin cognitive test be administered; and

    (c)    Defense counsel failed to make certain <u>Batson</u> challenges, the absence of which effectively denied Petitioner a fair and impartial jury.

The West Virginia Supreme Court of Appeals refused Petitioner's appeal on October 8, 2008.

**D.**    **Second State *Habeas* Petition:**

On November 24, 2008, Petitioner, proceeding *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of McDowell County. <u>Mullins v. Ballard</u>, Civil Action No. 08-C-0295 (Cir. Ct. McDowell Co. May 7, 2009). Petitioner asserted the following grounds:

    1.    Petitioner's Due Process to Article III, Section 14 and the Sixth Amendment Rights to the United States Constitution were violated by ineffective assistance of counsel, who prevented Petitioner from receiving a fair, impartial *habeas corpus* hearing.

    2.    Petitioner's minimum sentence of 55 years is excessive, considering the age of the petitioner, the alleged victim's perjured testimony, thereby violating Petitioner's Eighth Amendment Right to reliable penalty hearing and to be free from cruel and unusual punishment, and Fourteenth Amendment to Due Process of law.

    3.    Petitioner was denied his constitutional right to a fair trial when the State allowed three witnesses to testify about alleged acts some forty years prior while the Petitioner was a child, all without a full 404(b) hearing.

    4.    Petitioner was denied due process of law when he was convicted and sentenced under a faulty indictment.

By Order dated December 10, 2008, the Circuit Court summarily dismissed Petitioner's second

*habeas* petition finding that the claims had been previously and finally adjudicated.[5] On February

10, 2009, Petitioner, acting *pro se*, filed a petition for appeal from the Circuit Court's decision.

Petitioner alleged the following grounds:

1.    Appellant's Due Process to Article III, Section 14 and the Sixth Amendment Rights to the United States Constitution were violated by ineffective assistance of counsel, who prevented Appellant from receiving a fair and impartial *habeas corpus* hearing.

2.    Appellant's minimum sentence of 55 years is excessive, considering the age of the Appellant, the alleged victim's perjured testimony, thereby violating Appellant's Eighth Amendment Right to reliable penalty hearing and to be free from cruel and unusual punishment and Fourteenth Amendment to Due Process of law.

3.    Appellant was denied his constitutional right to a fair trial when the State allowed three witnesses to testify about alleged acts some forty years prior while the Petitioner was a child, all without a 404(B) hearing.

4.    Appellant was denied due process of law when he was convicted and sentenced under a faulty indictment.

5.    The Court violated the Appellant's Fifth, Sixth, and Fourteenth Amendment right to be taken forthwith before the county magistrate upon probable cause for an arrest which lead to illegal statements.

6.    Appellant was denied due process of law when he was convicted of alleged sexual assault when there was no evidence.

The West Virginia Supreme Court of Appeals refused Petitioner's appeal on May 7, 2009.

**E.    Third State *Habeas* Petition:**

On November 10, 2009, Petitioner, proceeding *pro se*, filed his third Petition for Writ of

*Habeas Corpus* in the Circuit Court of McDowell County. Mullins v. Ballard, Civil Action No. 09-

---

[5]  The Circuit Court noted that "Petitioner has been previously afforded an omnibus habeas corpus hearing at which Petitioner was represented by counsel in relation to the conviction and sentencing in Case No. 01-F-69."

C-0185. Petitioner asserted the following grounds:

1.      Petitioner's Due Process to Article III, Section 14 and the Sixth Amendment Rights to the United States Constitution were violated by ineffective assistance of counsel, who prevented Petitioner from receiving a fair, impartial *habeas corpus* hearing.

2.      Petitioner's minimum sentence of 55 years is excessive, considering the age of the petitioner, the alleged victim's perjured testimony, thereby violating Petitioner's Eighth Amendment Right to reliable penalty hearing and to be free from cruel and unusual punishment, according to the Fourteenth Amendment to Due Process of law.

3.      Petitioner was denied his constitutional right to a fair trial when the State allowed three witnesses to testify about alleged acts some forty years prior, while the Petitioner was a child. All without having a 404-(B) hearing.

4.      Petitioner was denied due process of law when he was convicted and sentenced under a faulty indictment.

5.      Petitioner asserts that before commence of trial his attorney and the Court addressed the issue of Petitioner's loss of hearing which was not yet transcribed and the Court stated "we will all talk loud," instead of equipping petitioner with head phones violating Petitioner's due process under Section Seven (57-5-7), Article Five, Chapter Fifty-Seven of the West Virginia Commission for the Deaf and Hard of Hearing.

This *habeas* petition is currently pending before the Circuit Court.

**F.      Second Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on November 13, 2009. (Civil Action 1:09-01248, Document No. 2.)

Petitioner alleges the following grounds for *habeas* relief (Id., pp. 13 - 26.):

1.      Petitioner's Due Process to Article III, Section 14 of the West Virginia Constitution and the Sixth Amendment Rights to the United States Constitution were violated by ineffective assistance of counsel, who prevented Petitioner from receiving a fair and impartial trial.

(a)      Failed to investigate possible exculpatory material leads;
(b)      Failed to investigate the Petitioner's contention that the Prosecutor failed to disclose all discovery material;

      (c)     Failed to object about the Prosecutor's improper comments in the State's closing argument;

      (d)     Failed to file for an expert witness, which would have supported Petitioner's actual innocence; and

      (e)     Failed to object to the State's illegal 404B witnesses.

2.     Petitioner's minimum sentence of 55 years is excessive, considering the age of the petitioner, the alleged victim's perjured testimony, thereby violating Petitioner's Eighth Amendment Right to reliable penalty hearing and to be free from cruel and unusual punishment to the Fourteenth Amendment to Due Process of law.

3.     Petitioner was denied his constitutional right to a fair trial when the State allowed three witnesses to testify about alleged acts some forty years prior while the Petitioner was a child, all without a 404(B) hearing.

4.     Petitioner was denied due process of law when he was convicted and sentenced under a faulty indictment.

5.     The Court violated the Petitioner's Fifth, Sixth, and Fourteenth Amendment right to be taken forthwith before the county magistrate upon probable cause for an arrest which lead to illegal statements.

6.     Petitioner was denied due process of law when he was convicted of alleged sexual assault when there was no evidence.

Also on November 13, 2009, Petitioner filed a "Motion to Hold Habeas Corpus Petition in Abeyance." (Id., Document No. 3.) Petitioner requests that this Court "hold his Federal Writ of Habeas Corpus in Abeyance, while the Circuit Court of McDowell County, and the State Supreme Court of Appeals acts upon Petitioner's Writ of Habeas Corpus being filed." (Id., p. 1.) In support of his Motion, Petitioner states as follows:

Petitioner asserts his case has not been rule on the merits of records, because at the time of initial filing and hearing, the Petitioner did not have the police reports and various scientific reports which would allow the petitioner to develop the records. The Petitioner would move this Court to allow him to present the State Court's full developed record to allow the Court to rule upon the merits of the case and to give the State Courts an opportunity to rule on all issues that the Petitioner has presented to the Court with his Writ of Habeas Corpus, which a true copy is enclosed.

(Id., p. 4.) Petitioner acknowledges that he is aware of the "one year period of limitation" and "it is not possible for the Petitioner to file a completed Federal Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 at this date and time and your Petitioner reserves the right to Amend his Federal Petition for Writ of Habeas Corpus filed simultaneously herein, following exhaustion of his State remedies." (Id., p. 3.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied sub nom., Matthews v. Moore, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity

to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review.[6] Id.at 844, 119 S.Ct. at 1732.

Petitioner acknowledges that he has not exhausted his available State remedies as to all federal claims that he intends to raise and requests that his Petition be stayed in abeyance pending exhaustion in State court.[7] (Civil Action 09-01248, Document No. 2, p. 15.) When a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfect petition." Rhines v. Weber, 2005 WL 711587, *1. However, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted.

Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the

---

[6] In West Virginia, prisoners may exhaust their available State court remedies by (1) stating cognizable federal constitutional claims in a direct appeal, or (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court. *Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); *McDaniel v. Holland*, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986). A petition for writ of *habeas corpus* filed under the original jurisdiction of the West Virginia Supreme Court that is denied with prejudice following a determination on the merits will also exhaust the prisoner's State court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546.

[7] Based on the undersigned's preliminary review, it does not appear that Petitioner has fully exhausted Grounds 1, 5, and 6 of his federal *habeas* petition.

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[8] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's direct appeal of his conviction was refused by the West Virginia Supreme Court on or about November 10, 2004. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court and therefore, his conviction became final on or about February 8, 2005 (90 days after the West Virginia Supreme Court refused his Petition for Appeal of his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on February 9, 2005. The statute of limitations ran

---

[8] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

14

for 41 days until March 22, 2005, when Petitioner filed his first *habeas* petition in the Circuit Court of McDowell County (Case No. 05-C-71), which tolled the statute of limitations. The statute of limitations remained tolled until the day that Petitioner's *habeas* appeal was refused by the West Virginia Supreme Court, which was on or about September 25, 2008. The statute of limitations began to run again on September 26, 2008, and ran for 59 days until November 24, 2008, when Petitioner filed his second *habeas* petition with the Circuit Court of McDowell County (Case No. 08-C-295). The statute of limitations remained tolled until the day that Petitioner's *habeas* appeal was refused by the West Virginia Supreme Court, which was on or about May 7, 2009. The statute of limitations began to run again on May 8, 2009, and ran for 186 days until November 10, 2009, when Petitioner filed his third *habeas* petition with the Circuit Court of McDowell County (Case No. 09-C-185). That statute of limitations is currently tolled. Upon the conclusion of Petitioner's State *habeas* proceedings, Petitioner will have approximately 79 days[9] in which to file a Section 2254 Petition in federal court. Accordingly, the undersigned finds that Petitioner will not later be precluded from pursuing his claims under Section 2254 and, therefore, he cannot at this time demonstrate good cause for his failure to present his claims to the State courts prior to seeking federal *habeas* relief. Accordingly, his Petition must be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 1.) and "Motion to

---

[9] Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petitions correctly and timely.

Hold Habeas Corpus Petition in Abeyance" (Document No. 3.), **DISMISS** without prejudice Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

Dated: July 27, 2010.

R. Clarke VanDervort
United States Magistrate Judge

16